**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-4209
_____

JEVON D. GREEN,
                              Appellant

v.

STATE OF NEW JERSEY;
MAYWOOD POLICE DEPARTMENT;
MAYWOOD MUNICIPAL COURT;
OFFICER MATTHEW PARODI;
OFFICER KEVIN MADDEN;
21 CENTURY INSURANCE;
ROWEL M. CALMA;
MARILYN S. CALMA
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 11-cv-04733)
District Judge:  Honorable Stanley R. Chesler
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 12, 2015
Before: CHAGARES, JORDAN and NYGAARD, Circuit Judges

(Opinion filed August 20, 2015)
_____

OPINION[*]

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

_____

PER CURIAM

Jevon D. Green appeals from the order of the United States District Court for the District of New Jersey dismissing his complaint upon the motions to dismiss filed by the defendants. We will affirm.

Because the parties are familiar with the details of this case, we present only a brief summary here. Green initiated these proceedings in the District Court to seek redress for claims arising from a motor vehicle stop on July 21, 2008, in Maywood, New Jersey. Green alleged that he was pulled over by two Maywood Police Officers, Matthew Parodi and Kevin Madden. When Officer Madden directed Green to exit his vehicle, he was reluctant to do so for fear of aggravating neck and back injuries suffered in a 2007 car accident. Ultimately, Green complied with the request by exiting the vehicle with his hands in the air, but the officers placed him in a headlock, handcuffed him, and arrested him. Green stated that he suffered financial losses stemming from the vehicle being towed after his arrest.

Green filed his pro se complaint on August 15, 2011 against the Maywood Police Department, Officers Parodi and Madden, and the Maywood Municipal Court ("Maywood Defendants"). Green also named the State of New Jersey as a defendant. The District Court granted Green's request to proceed in forma pauperis and dismissed Green's complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). Green appealed from that dismissal in C.A. No. 12-1517. We agreed that Green's complaint failed to

state a claim on which relief may be granted. However, we noted that the District Court did not afford Green an opportunity to cure the deficiencies in the complaint. We thus vacated the dismissal and remanded the matter to permit the filing of an amended complaint. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).

On remand, the District Court vacated its dismissal order and directed Green to file an amended complaint consistent with our opinion filed in C.A. No. 12-1517. In September 2012, Green filed his amended complaint, listing the following under the heading titled "Civil Action Complaint (Amended)": "Assault; Motorvehicle Assault, Auto-Accident; Mistaken Identity; Illegal Incarceration; Illegal Towing of Motor Vehicle; Violation of Civil Rights; Housing Discrimination" [sic]. (Amended Complaint at 1 (emphasis deleted).) To the original roster of defendants, Green added defendants Marilyn S. Calma, Rowel M. Calma, and the Calmas' insurer, 21st Century Assurance Company ("21st Century," improperly identified as "21st Century Insurance"). Green's amended complaint again described the events that occurred during the July 21, 2008 traffic stop in Maywood, which led to his being arrested and convicted in state court. Green again noted that his vehicle was towed and that he was placed in default on his vehicle loan. Green sought assorted forms of relief, including replacement of items lost during the arrest, compensation for debts incurred as a result of the incident, expungement of his arrest and conviction, appointment of counsel to assist in the expungement, and housing assistance.

The State of New Jersey, 21st Century and the Calmas, and the Maywood Defendants filed motions to dismiss the complaint. Green filed a response to the State of New Jersey's motion, and he was provided opportunity to respond to the other defendants' motions. On June 23, 2014, the District Court construed Green's complaint as alleging civil rights claims under 28 U.S.C. § 1983, granted each of the defendants' motions to dismiss, and dismissed all claims with prejudice against each set of defendants.

Green appeals. We have jurisdiction under 28 U.S.C. § 1291.[1] We exercise plenary review over the District Court's decision to grant a motion to dismiss. See In re Schering Plough Corp. Intron/Temodar Consumer Class Action, 678 F.3d 235, 243 (3d Cir. 2012); Broselow v. Fisher, 319 F.3d 605, 607 (3d Cir. 2003).

Upon careful review of the record and the parties' briefs, we will affirm for substantially the same reasoning contained in the District Court's memorandum opinion. The District Court correctly dismissed the amended complaint as to the State of New Jersey on the basis of the Eleventh Amendment and the principles of sovereign immunity. The Eleventh Amendment renders a state immune from suit by private parties in federal court unless the state consents to jurisdiction. See, e.g., Pennsylvania Federation of

---

[1] The District Court's dismissal order did not specifically address a cross-claim pleaded by 21st Century and the Calmas, which requested indemnification by the co-defendants if liability were found. However, in support of their later-filed motions to dismiss, 21st Century and the Calmas requested dismissal of their cross-claims. In granting the motions to dismiss and dismissing all claims against each set of defendants, the District Court's order adequately disposed of all claims as to all parties.

Sportsmen's Clubs, Inc. v. Hess, 297 F.3d 310, 323 (3d Cir. 2002). Section 1983 does

not abrogate states' immunity, Quern v. Jordan, 440 U.S. 332, 340-41 (1979), and the

State of New Jersey has not consented to suit in federal court.[2]

Concerning the Maywood Defendants, the District Court correctly dismissed the

action as barred by the applicable two-year statute of limitations. A complaint pursuant

to § 1983 is "characterized as a personal-injury claim and thus is governed by the

applicable state's statute of limitations for personal-injury claims." Dique v. N.J. State

Police, 603 F.3d 181, 185 (3d Cir. 2010) (citing Cito v. Bridgewater Twp. Police Dep't,

892 F.2d 23, 25 (3d Cir. 1989)). In New Jersey, § 1983 claims are subject to New

Jersey's two-year statute of limitations on personal injury actions. See Dique, 603 F.3d

at 185; see also N.J. Stat. Ann. § 2A:14-2. While state law governs the applicable statute

of limitations, federal law controls when a § 1983 claim accrues. Wallace v. Kato,

549 U.S. 384, 388 (2007). Accrual occurs, and the statute of limitations begins to run, as

soon as a plaintiff has a complete cause of action. See id. Here, any § 1983 claim

relating to Green's July 21, 2008 arrest accrued on that date, and the limitations period

began to run. However, Green did not file his complaint until August 2011, well more

than two years later.[3]

---

[2] Moreover, as the State of New Jersey notes in its brief, the exception under Ex Parte Young, 209 U.S. 123 (1908), does not apply here. The Young doctrine relates to suits against individual state officers, but Green did not aver any claims against any individual state officers.

[3] In addition, we agree with the District Court's conclusion that, to the extent that Green

As for 21st Century and the Calmas, we agree with the District Court's decision to grant their motion to dismiss. In their motion to dismiss, 21st Century and the Calmas explained that Green was involved in a 2007 vehicle collision with an automobile driven by Marilyn Calma, owned by Rowel M. Calma, and insured by 21st Century. However, despite these defendants being included among the parties in the caption of the amended complaint, the amended complaint does not mention these defendants at all. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotations omitted). Because Green made no allegations against 21st Century and the Calmas in his amended complaint, we agree with the District Court that Green failed to state a viable claim under the Iqbal standard.

We note that Green's brief refers to other cases that he had pursued in the District Court, as well as another state court criminal case. In particular, Green refers us to his complaint against Maywood Municipal Court, Maywood Police Station, Bergen County Jail Annex, and Officers Parodi and Madden, filed in D.N.J. Civ. No. 09-cv-02075.[4] In that case, he raised similar allegations and claims arising from the July 21, 2008

intended to assert a claim of malicious prosecution against the Maywood defendants, Green cannot prevail. Green does not allege that any related prosecution ended in his favor—indeed, Green sought to have his conviction record expunged—so he cannot satisfy the favorable termination element of a malicious prosecution claim. See Kossler v. Crisanti, 564 F.3d 181, 187 (3d Cir. 2009) (en banc).

[4] Green also refers us to his unsuccessful suit against the Calmas and 21st Century, filed in D.N.J. Civ. No. 09-cv-06110, relating to the car accident.

Maywood incident, and the case was dismissed. In dismissing Green's appeal in that matter, we noted that we had construed his complaint as, at most, a premature habeas corpus petition, and that a challenge to a state court conviction could not be brought in federal court at that stage in the proceedings. Green v. Maywood Municipal Court, et al., C.A. No. 09-3822 (3d Cir. Jul. 28, 2010) (ORDER).

Against that background, it is evident from Green's brief and reply brief that he is conflating his various causes of action--criminal and civil, and state and federal. For example, in his reply brief, Green argues that the State of New Jersey cannot assert sovereign immunity "if it is explained I can request an appeal of the State of New Jersey criminal conviction in the federal court." Reply Brief, page numbered 21. He also states that "I am unclear on my petition of habeas corpus made to the District Court. . . . So I am now requesting that if my application was denied then I would like to appeal my case to the Court of Appeals for Third Circuit. . . ." Id. at page numbered 16. We have read the arguments in his briefs, but all that is before us in this present appeal is whether the District Court's dismissal of the amended complaint filed in this case was appropriate. We cannot in this appeal from the dismissal of a civil rights action address claims relating to the validity of Green's state court convictions. Those matters are outside the scope of this appeal.

For the foregoing reasons, we will affirm the order of the District Court dismissing Green's amended complaint. Green's motion to file a supplemental appendix is granted to the extent that it contains portions of the district court record. Green's motion to

7

supplement the district court record is denied to the extent that his proposed supplement includes documents outside of the district court record.